UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NILL RAMOS

v.                                      C.A. No. 07-361-T

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER

Ernest C. Torres, Senior United States District Judge

Nill Ramos has filed a Petition for Writ of Habeas Corpus seeking a reduction in his sentence. A review of the instant petition and the record establishes that Ramos is not entitled to relief. See Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

## Background

Ramos pled guilty to all counts of a four-count indictment charging (1) conspiracy to distribute 50 grams or more of cocaine base and 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)-(B) and 846, and (2) possession with intent to distribution the same amounts of cocaine base and heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)-(B) and 2.

At sentencing, Ramos moved for a downward departure based solely on what he claimed were extenuating family circumstances. This Court denied that motion and sentenced Ramos to 76 months of imprisonment, followed by five years of supervised release. As a special condition of his supervised release, Ramos was required to

surrender himself to immigration officials for deportation proceedings under the Immigration and Naturalization Act and if deported, to remain outside United States during the period of such supervised release. <u>United States v. Nill Ramos</u>, CR. No. 04-048-T, Judgment at 4. This Court also recommended that Ramos be considered for assignment to a correctional facility having a substance-abuse counseling and treatment program.(<u>Id</u>. at 3.) Ramos did not appeal, and his sentence became final on October 13, 2004.

## Discussion

In his petition, Ramos claims that because he is an alien subject to deportation, he is ineligible for various prison programs, including drug treatment, certain employment, or housing in a minimum security prison or in a correctional community center (halfway house). He contends that this constitutes a violation of his due process and equal protection rights and requests this Court to grant a downward departure or otherwise reduce his sentence.

Ramos's constitutional claims may be quickly put to rest. Simply put, a prisoner has no constitutional due process interest in participating in rehabilitative programs. See <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n. 9 (1976). Likewise, the fact that a prisoner subject to an immigration detainer is ineligible for assignment to a community center such as a halfway house does not amount to a violation of either due process or equal protection. <u>McLean v. Crabtree</u>, 173 F.3d 1176, 1184-1186 (9th Cir. 1999)(no due process

or equal protection violation in BOP policy excluding prisoners with detainers from eligibility for sentence reduction pursuant to completion of community-based treatment program). See Franco v. Bureau of Prisons, 207 Fed.Appx. 145, 146 (3d Cir. 2006) (same, as to prison transfer guidelines, where guidelines merely distinguish between prisoners who are subject to INS detainers or other custodial considerations and those who are not).

The First Circuit has not directly addressed the issue of whether a downward departure may be based on the collateral consequences of a defendant's alien status. See United States v. Bamdele, 141 F.3d 1150, **2 (1st Cir. 1998)(Table) (noting but not deciding issue); United States v. Reynoso, 336 F.3d 46, 50-51 (1st Cir. 2003) (no jurisdiction to review discretionary denial of downward departure to defendant who, as deportable alien, claimed he was denied access to certain programs, such as a halfway house and work-release, that were available to non-alien prisoners).

However, the courts that have addressed this issue have generally held that absent extraordinary circumstances, an inmate's ineligibility to participate in various prison programs due to alien status is not a basis for downward departure or offense level reduction. See e.g. United States v. Macedo, 406 F.3d 778, 794 (7th Cir. 2005) (collateral consequences of deportable alien status do not meet requirement that conditions of confinement be "substantially more onerous" than the Guidelines contemplated in

fixing punishment for a crime).[1]

Put another way, a defendant's status as an alien subject to deportation may be a basis for downward departure only where circumstances result in an "unusual or exceptional hardship in [the] conditions of confinement," United States v. Farouil, 124 F.3d 838, 847 (7th Cir. 1997), or otherwise substantially changed the nature of a defendant's sentence. See United States v. Smith, 27 F.3d 649, 655 (D.C. Cir. 1994)(downward departure may be appropriate where defendant's alien status was "likely to cause a fortuitous increase in the severity of his sentence").

Ramos's ineligibility for certain prison programs does not rise to the level of 'unusual or exceptional hardship' that would warrant reducing his sentence.  Nor does his status as a deportable alien substantially change the nature of his sentence.

---

[1] See also United States v. Meza-Urtado, 351 F.3d 301, 305 (7th Cir. 2003)("downward departures are not permissible because denying certain end-of-sentence modifications (several months in a halfway house, for example) to illegal or deportable aliens cannot be viewed as a term of imprisonment 'substantially more onerous' than the guidelines contemplate in fixing a punishment for a crime"); United States v. Lopez-Salas, 266 F.3d 842, 848 (8th Cir. 2001)("[b]eing categorically excluded from receiving early release [due to alien status] is not, by itself, an unusual or atypical factor" justifying downward departure); United States v. Restrepo, 999 F.2d 640, 644 (2d Cir. 1993)(downward departure not warranted due to unavailability of preferred conditions of confinement or possibility of deportation or additional period of detention pending deportation); Minh v. United States, 2006 WL 2444085, *2 n. 3 (S.D.Ga. 2006)(neither an alien's ineligibility for prison programs nor his deportability constitute sufficient grounds for downward departure).

## Conclusion

For all of the foregoing reasons, Ramos's petition is dismissed.

IT IS SO ORDERED:

*Ernest C Torres*
_____
Ernest C. Torres
Senior United States District Judge
Date: 10/15/08